UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Plaintiff, |
| v. | Criminal Action No. 3:20-cr-72-DJH |
| KENSLEY LANCE LOGAN, | Defendant. |

\* \* \* \* \*

### ORDER FOLLOWING ENTRY OF GUILTY PLEA

This matter came before the Court on November 6, 2020, for a change-of-plea hearing. There appeared Thomas W. Dyke, Assistant United States Attorney; and Defendant Kensley Lance Logan, with appointed counsel, Aaron M. Dyke. The Court's official reporter was Dena Legg.

The Defendant, by counsel, advised the Court of his desire to withdraw his previously entered plea of not guilty and enter a plea of guilty as to Counts 1 and 2 of the Indictment, pursuant to a Rule 11(c)(1)(B) plea agreement.

The Court having found the Defendant competent to enter the plea; having found the plea to be knowing, voluntary, and with the advice of counsel; having advised the Defendant of his constitutional rights and the Defendant having advised the Court he understood and waived those rights; having advised the Defendant he would not be allowed to withdraw his plea; and having established a factual basis for the plea,

**IT IS HEREBY ORDERED** that the Court accepts the Defendant's **plea of guilty** as to Counts 1 and 2 of the Indictment, pursuant to a Rule 11(c)(1)(B) plea agreement executed by all parties to this action. The **plea supplement** shall be **filed under seal.**

In order to proceed under the Sentencing Reform Act of 1984 (Pub. L. 98-473, Title II, c. 2, Sections 211-239), 18 U.S.C. Sections 3551-3559,

**IT IS HEREBY FURTHER ORDERED** as follows:

(1)     **Sentencing proceedings** are set in this case for **February 19, 2021, at 9:30 a.m.**, at the Gene Snyder U.S. Courthouse, Louisville, Kentucky.

(2)     The defendant and defense counsel shall meet with the probation officer for an interview promptly, **and in no event later than ten (10) days from the date of this Order**. It shall be the responsibility of defense counsel to contact the probation officer to ascertain the time and place of the interview, unless defense counsel's attendance is waived.

(3)     Not less than thirty-five (35) days prior to the date set for sentencing, the Probation Officer shall provide a copy of the Presentence Investigation Report to the defendant and to counsel for both the defendant and the United States. Within fourteen (14) days thereafter, counsel shall communicate, in writing, to the Probation Office and to opposing counsel any objections they may have as to any material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the Report.

(4)     After receiving counsel's objections, the Probation Officer shall conduct any further investigation and make any revisions to the Presentence Report that may be necessary. The Probation Officer may require counsel for both parties to meet with the officer to discuss unresolved factual and legal issues.

(5)     Prior to the date of the sentencing hearing, the Probation Officer shall submit the Presentence Report to the sentencing Judge. The Report shall be accompanied by the written objections of counsel, and by an addendum setting forth any objections counsel may have made that have not been resolved, together with the officer's comments thereon. The Probation Officer shall provide a copy of any addendum to the Presentence Investigation Report, including any revisions thereof, to the defendant and to counsel for the defendant and the United States.

(6)     **Not less than twenty (20) days prior to the sentencing hearing, the parties shall communicate with each other to discuss the scope of the sentencing hearing and make certain disclosures. Each party shall disclose to the other if it intends to argue for a non-guideline sentence. The parties shall disclose whether they intend to call witnesses at the hearing and if so, the nature of the testimony shall be revealed. The parties shall disclose the identity of any expert witness and exchange a written summary of the witness's opinions, the bases and reasons for the opinions, and the witness's qualifications.**

**For any sentencing in which testimony is expected, the parties shall estimate the length of time required for the sentencing hearing and communicate same to Natalie Thompson, Case Manager for Judge Hale.**

**It is the Court's policy that all letters of support be filed in the public record. Accordingly, any letters of support that the parties intend to present for the Court's consideration at sentencing shall have personal identifiers (e.g., home addresses, social security numbers, or financial account numbers) redacted.**

(7)     **Not less than ten (10) days prior to the sentencing hearing, the parties shall file a Sentencing Memorandum in support of their respective positions on any unresolved objections to the Presentence Investigation Report, including any objections to the calculation of the advisory sentencing guidelines contained therein. Furthermore, in the event a non-guideline sentence is advocated, the Sentencing Memorandum shall address the factors of 18 U.S.C. § 3553(a).**

(8)     Except with regard to any objection made under Paragraph 3 that has not been resolved, the Report of the Presentence Investigation may be accepted by the Court as accurate. The Court, however, for good cause shown, may allow new objections to be raised at any time

before the imposition of sentence. In resolving disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, the defendant or the United States.

(9) The time set forth in this Order may be modified by the Court for good cause shown, except that the ten (10) day period provided for disclosure of the Presentence Report pursuant to 18 U.S.C. Section 3552(d) may be diminished only with the consent of the defendant.

(10) Nothing in this Order requires the disclosure of any portions of the Presentence Report that are not disclosable under Criminal Rule 32(c).

(11) The Presentence Report shall be deemed to have been disclosed:

   a. When the Report is physically delivered to counsel;

   b. One day after the Report's availability is orally communicated to counsel; or

   c. Three (3) days after notice of its availability is mailed to counsel, or the date of availability reflected in the notice, whichever is later.

(12) It shall be the responsibility of counsel for the defendant to disclose the Report to the defendant.

(13) The general conditions of probation as set forth in Probation Form 7A shall apply to the defendant if placed on probation or supervised release, and all persons placed on probation or supervised release shall submit to photographs by the Probation Officer as a condition of probation or supervised release.

**IT IS FINALLY ORDERED** that the Defendant shall be allowed to remain on bond pending further order of the Court.

Court Time: 00/40
Court Reporter: Dena Legg