**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**(Filed Electronically)**

**CRIMINAL ACTION NO. 3:20-CR-72-DJH**

**UNITED STATES OF AMERICA,**                                                                       **PLAINTIFF,**

**vs.**

**KENSLEY LANCE LOGAN,**                                                                                 **DEFENDANT.**

**DEFENDANT'S SENTENCING MEMORANDUM**

Comes the Defendant, Kensley Lance Logan ("Defendant" or, in the alternative, "Mr. Logan"), by counsel, and respectfully requests this Honorable Court to consider the following factors and sentence Mr. Logan to a sentence of 18-months. In support, the Defendant states as follows:

### I. INTRODUCTION

The Defendant entered a plea of guilty to both of the charges contained within the two-count indictment; two counts of Possession of a Firearm by a Prohibited Person. DN 1 and 19. The guilty plea was entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) on November 6, 2020. DN 19. Mr. Logan is scheduled to be sentenced on February 19, 2021.

### II. PRE-SENTENCE REPORT

**Objections**

Mr. Logan does not have any objections to the Final Pre-Sentencing Repot. DN 23.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

### III.  STATUTORY SENTENCING RANGE

Mr. Logan is charged in a two-count Indictment.  Both counts of the Indictment carry a penalty of not more than ten years imprisonment; a fine of not more than $250,000; and not more than three years of supervised release.  There is not a mandatory minimum sentence applicable to Mr. Logan.

### IV.  ADVISORY GUIDELINE RANGE

The Pre-Sentence Report provides an Adjusted Offense Level of 16, which would be reduced to 13 for Mr. Logan's acceptance of responsibility.  *See*, PSR at ¶¶46 and 65.  Mr. Logan falls within Criminal History Category IV.  *Id*. at ¶¶46 and 65.  A Total Offense Level 13 and Criminal History Category IV in an advisory Guideline range of 24 to 30 months.  *Id*. At ¶65.

### V.  SENTENCING LAW

The advisory sentencing guideline range is but one factor for the Court to consider when fashioning an appropriate sentence.  Specifically, the Court must consider the advisory guidelines *as well as other factors* in arriving at a "reasonable" sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing imposed by 18 U.S.C. §3553(a)(2).  Specifically, 18 § U.S.C. 3553(a) requires:

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–
>
> **(1)** the nature and circumstances of the offense and the history a and characteristics of the defendant;
>
> **(2)** the need for the sentence imposed--
>
> **(A)** to reflect the seriousness of the offense, to promote respect for the

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

2

law, and to provide just punishment for the offense;

**(B)** to afford adequate deterrence to criminal conduct;

© to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established for--

**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

**(I)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

**(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

**(5)** any pertinent policy statement--

**(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

**(6)** the need to avoid unwarranted sentence disparities among

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

> defendants with similar records who have been found guilty of similar conduct; and
>
> **(7)** the need to provide restitution to any victims of the offense.

Another statute that also impacts sentencing in the case at hand is 18 U.S.C. §3661. It requires that "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

The district court must give consideration to the guidelines in determining a sufficient sentence, but it may not presume that the guideline sentence is the correct one. *Gall v. United States,* 552 U.S. 38, 46 (2007) and *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007). In fact, the Court is free to consider whether the advisory guideline sentence itself "fails properly to reflect §3553(a) considerations" in this case, and/or whether the advisory guideline at issue exemplifies the Sentencing Commission's "exercise of its characteristic institutional role."*Rita, supra* at 2465 and *Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007).

## VI. DEPARTURES AND VARIANCES

**Criminal History**

The Criminal History score contained within the Pre-Sentence Report, substantially over-represents the seriousness of Mr. Logan's criminal history and the likelihood that he will commit other crimes, to such an extent that a downward departure is warranted. *See*, USSG §4A1.3(b)(1). The Pre-Sentence Report correctly attributes seven criminal history points to Mr. Logan, thus categorizing him as having a Criminal History Category IV. However, upon a closer examination of the facts and circumstances which contribute to Mr. Logan's criminal history, the more appropriate Criminal History Category is a Criminal History Category III. Mr. Logan is asking this

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

4

Court to apply a downward departure based on the over-representation of the seriousness of his criminal history.

Mr. Logan's criminal history is devoid of any felony convictions which involve trafficking of controlled substances, weapons offenses, or acts of violence. Mr. Logan's criminal history consists of instances of failing to pay child support, driving while under the influence, driving on a suspended license, possession of controlled substances, and/or minor misdemeanor offenses. Typically, when looking at the criminal history for a defendant who is a Criminal History Category IV, one would expect to see an ongoing and continuous pattern of felony convictions - whereas Mr. Logan's criminal history shows that prior to the instant offense, he has only had two periods of time in his life where he found himself being sentenced by a Kentucky Circuit Court Judge. The charge which has the greatest impact upon Mr. Logan's Criminal History Calculation is a felony Flagrant Non-Support conviction, which contributes three points to Mr. Logan's Criminal History score.

There are two prior convictions which significancy impact Mr. Logan's Criminal History Category determination, which when taken together, overstate the significance of his criminal history. The first is the previously mentioned Flagrant Non-Support conviction as described in ¶40 of the Final Pre-Sentence Report. The second is the conviction detailed in ¶44 of the Final Pre-Sentence Report, for Possession of Drug Paraphernalia, Fleeing or Evading Police in the Second Degree, and Resisting Arrest.

The Flagrant Non-Support charge resulted in a five-year prison sentence for Mr. Logan, which was then calculated as a three point offense, for the purpose of determining his Criminal History Category. Not all felony convictions which lead to prison sentences are created equally. Mr. Logan's conviction received the same number of points as a conviction for a violent offense, or a drug trafficking offense. While no one would dispute that the issue of failing to provide financial

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

support to one's children is a serious issue and should be treated as such, it is hard to imagine a scenario where failing to do so would be viewed by a reviewing court as the same type of offense as trafficking in a controlled substance, or committing an act of violence upon another. The conviction for Flagrant Non-Support is more appropriately viewed as either a one or two point offense for the purpose of calculating Mr. Logan's Criminal History Category.

The second conviction at issue, is the one described in ¶44. This conviction, for three misdemeanor offenses, has been assigned two points for the purpose of determining Mr. Logan's Criminal History Category. The two points assigned are based on the fact that Mr. Logan received a 12-month sentence - to serve. This sentence must be viewed in the context in which it was pronounced. At the time of receiving this sentence, Mr. Logan was serving his five year sentence for the Flagrant Non-Support case. Accepting a 12-month sentence at that time, did not result in him serving any additional time in custody, but it did increase what would have been a one point conviction (if the sentence had been conditionally discharged or if he were given a sentence of less than sixty days to serve). This conviction is more appropriately viewed as a one point offense for the purpose of calculating Mr. Logan's Criminal History Category.

Making the adjustments as listed above, would result in either four or five Criminal History points, which would result in a Criminal History Category III. A criminal History Category III still produces a significant sentencing guideline range, but it more accurately reflects the seriousness of Mr. Logan's prior convictions. Mr. Logan is not asking this Court to overlook his prior criminal record, rather he is asking this Court to examine the type of charges for which he has historically been convicted. Mr. Logan's criminal record is largely comprised of flagrant non-support, driving under the influence, possession of controlled substances, and minor misdemeanor offenses. To treat Mr. Logan as a Criminal History Category IV would punish Mr. Logan as though his prior record

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

6

were more severe than it actually is due to an over-representation of his prior criminal record. A Criminal History Category III will still produce a significant sentence for Mr. Logan, without over-punishing him based on his prior convictions.

## VII. CONCLUSION

Mr. Logan asks this Court to depart from a Criminal History Category IV to a Criminal History Category III. Mr. Logan's Total Offense level of 13 and a Criminal History Category III, would result in a guideline sentence range of 18-24 months. In sum, when the factors the Court must consider under 18 U.S.C. §3553(a) are applied here, an 18-month sentence is appropriate and reasonable. WHEREFORE, Mr. Logan requests this Honorable Court to give him an 18-month sentence.

Respectfully submitted,

/s Aaron M. Dyke
Assistant Federal Defender
629 S. Fourth Street
Suite 200
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant

## CERTIFICATE

This is to certify that a true copy of the foregoing motion was served on the United States by electronically filing same to Mr. Mark Yurchisin, Esq., Assistant United States Attorney, this 9th day of February, 2021.

s/ Aaron M. Dyke

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

7